**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

JERMAINE BRANNER,

        Petitioner,

v.                                        Case Number: 2:10-cv-10988

JEFFREY WOODS,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**
**AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Michigan prisoner Jermaine Branner petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges the constitutionality of his convictions for possession with intent to deliver fifty or more but less than 450 grams of cocaine and for possession of marijuana.  Petitioner's convictions were entered following a bench trial in the Circuit Court in Oakland County, Michigan.  The parties stipulated to allow the trial court to decide the case based on the preliminary-examination testimony and other documentary evidence.

On January 16, 2007, the trial court sentenced Petitioner as a fourth-offense habitual offender to seven years, three months to thirty years in prison for the cocaine conviction and thirty-one days in the county jail for the marijuana conviction.  Currently, Petitioner is incarcerated by the Michigan Department of Corrections at the Central Michigan Correctional Facility in St. Louis, Michigan, where he is serving his sentence for the cocaine conviction.

In his habeas pleadings, Petitioner raises claims concerning the Fourth

Amendment (claim I), the effectiveness of trial counsel (claims II, V, and VII), the

sufficiency of the evidence supporting his convictions (claim III), his Confrontation-

Clause rights (claim IV), and his right to a trial by a jury (claim VI).

For the reasons stated, the court will deny the habeas petition.

## II.  BACKGROUND

The facts relied upon by the Michigan Court of Appeals are presumed correct on

habeas review pursuant to 28 U.S.C. § 2254(e)(1).  *See also Wagner v. Smith*, 581

F.3d 410, 413 (6th Cir. 2009) (same).  A habeas petitioner can rebut this presumption

by adducing "clear and convincing evidence" that convinces the habeas court that the

underlying state court's adjudication "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d)(2), (e)(1).  *See also Montgomery v. Bobby*, 654

F.3d 668, 701 (6th Cir. 2011) (Clay, J., dissenting) (the state court's factual findings are

correct absent clear and convincing evidence to the contrary) (citation omitted).

The court of appeals recited the following relevant facts:

> After receiving a tip from a confidential informant, who had proven
> to be reliable in the past, the police set up surveillance at a gas station in
> Pontiac.  The informant indicated that defendant would be arriving at the
> gas station at a specified time to deliver narcotics.  The informant provided
> a description and license plate number of the vehicle, which the police
> confirmed was registered to defendant.  Defendant's vehicle arrived at the
> gas station at the appointed time and momentarily stopped at the gas
> pumps before exiting the station.  The police subsequently stopped
> defendant's vehicle.  Defendant was ordered to get out of the vehicle.  A
> police officer observed a package of suspected cocaine fall from
> defendant's lap as he was getting out of the car.  Defendant was then
> placed under arrest and his vehicle was searched.  Additional amounts of
> cocaine and marijuana were found in the vehicle.  A laboratory analysis of

some of the substances seized revealed 68.14 grams of cocaine and 2.35 grams of marijuana.

*People v. Branner*, No. 275911, 2008 WL 2436554, at *1 (Mich. Ct. App. June 17, 2008).

A bench trial occurred on August 31, 2006.  The parties stipulated to allow the trial court to decide the case based on the preliminary-examination testimony, the police-incident report, the forensic science laboratory results, and the pleadings in the court file.  The trial court directed defense counsel to question Petitioner about his wish to waive a jury trial.

> [PETITIONER'S COUNSEL]:  And you understand that you have a right to a trial by judge or jury in this matter?
>
> [PETITIONER]:  Yes.
>
> [PETITIONER'S COUNSEL]:  And, have you made an election as to which you would prefer?
>
> [PETITIONER]:  Yes.
>
> [PETITIONER'S COUNSEL]:  And, which–what is that?  Do you wish to waive your jury trial and have the judge decide the case for you?
>
> [PETITIONER]:  Yes.

Bench Trial Tr. 5-6, Aug. 31, 2006, ECF No. 8-6.  Petitioner also signed a "Waiver of Trial by Jury."  *See* ECF No. 8-7.  The trial court then acknowledged that the parties were stipulating to a documentary record for both the evidentiary hearing and the trial.

> [PROSECUTOR]:  I just would like to have the defendant put on the record that he is agreeable to instead of having the witnesses testify, to use these documents to establish the record for purposes of both the evidentiary hearing and the trial.
>
> [PETITIONER]:  Yes.

3

Bench Trial Tr. 7, Aug. 31, 2006.

On October 3, 2006, the trial court issued an opinion and order denying a pending motion alleging that the stop of Petitioner's car was improper, and separately issued a verdict, based on findings of fact and conclusions of law, finding Petitioner guilty of both charges. *People v. Branner*, No. 06-209376-FH (Oakland Cnty. Cir. Ct. Oct. 3, 2006). Subsequently, Petitioner was sentenced as described.

At his sentencing hearing, Petitioner made an oral motion concerning the effectiveness of his trial counsel. Petitioner argued that he told his attorney that he wanted a jury trial but counsel told him that "whatever happened, I'll make sure that I will get you out in 18 months." Sentencing Hr'g Tr. 5, Jan. 16, 2007, ECF No. 8-10. The trial court found that Petitioner's waiver of a jury trial was valid and that counsel was effective. *Id.* at 6.

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising two claims: a Fourth Amendment claim challenging the legality of the stop of his car and an ineffective assistance of counsel claim alleging that counsel failed to investigate and challenge the credibility of police witnesses. Petitioner later filed a supplemental brief raising additional claims concerning the sufficiency of the evidence, his confrontation rights, the effectiveness of trial counsel with respect to Petitioner's right to be present at a critical stage of the proceedings, his right to a trial by jury, and counsel's failure to raise the above-stated claims. Petitioner also filed two motions to remand for a *Ginther*[1] hearing.

---

[1] *People v. Ginther*, 212 N.W.2d 922 (1973).

4

On June 17, 2008, the court of appeals affirmed Petitioner's convictions and sentences.  *Branner*, 2008 WL 2436554, at *8.  The court of appeals also denied the motions to remand.  *People v. Branner*, No. 275911 (Mich. Ct. App. Oct. 4, 2007); *People v. Branner*, No. 275911 (Mich. Ct. App. Jan. 7, 2008).  Petitioner's motions for reconsideration were denied on July 31, 2008.  *People v. Branner*, No. 275911 (Mich. Ct. App. July 31, 2008).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court.  The Supreme Court denied the application on July 7, 2009, in a standard order. *People v. Branner*, 767 N.W.2d 434 (2009) (Table) (Kelly, C.J., and Cavanagh, J., dissenting).  On October 26, 2009, the Supreme Court denied Petitioner's motion for reconsideration.  *People v. Branner*, 773 N.W.2d 702 (2009) (Table) (Kelly, C.J., would grant reconsideration).

Petitioner filed neither a petition for a writ of certiorari with the Untied States Supreme Court nor a post-conviction motion for relief from judgment with the state trial court.  Rather, he filed this habeas petition.

### III.  STANDARD

Federal law imposes the following standard of review for a habeas case challenging a state-court conviction:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceeding.

28 U.S.C. § 2254(d).

      A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000). An "unreasonable application" occurs when "a state[-]court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409; *see also Pinchon v. Myers*, 615 F.3d 631, 638-39 (6th Cir. 2010) (same). A

federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410-11.

      The Supreme Court has explained that "[a] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The Antiterrorism and

Effective Death Penalty Act ("AEDPA") thus "imposes a 'highly deferential standard for

evaluating state-court rulings,' and 'demands that state-court decisions be given the

benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v.

Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)

(per curiam)); *see also Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (the

AEDPA requires that the federal courts give a high degree of deference to factual

determinations made by the state courts).

6

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington v. Richer*, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Review under section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the court proceeds to address Petitioner's claims.

## IV. DISCUSSION

### A. No Support for a Fourth-Amendment Violation

In his first habeas claim, Petitioner contends that his Fourth-Amendment rights were violated because the trial court impermissibly admitted the drug evidence, which the police found as a result of the stop of his car, which occurred in part because of information given to them by an informant. Petitioner raised this claim in his direct appeal but it was rejected.

7

A federal court will not address a Fourth-Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a Fourth-Amendment claim in a habeas action. "Initially, [the court] must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a [F]ourth[-A]mendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted); *see also Fulcher v. Logan Cnty. Cir. Ct.*, 459 F. App'x 516, 521 (6th Cir. 2012) (same).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth[-]Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth-Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner had a full and fair opportunity to present to the state courts his Fourth-Amendment claim. First, Petitioner's trial counsel filed a motion to suppress the drug

8

evidence in the state district court, in which preliminary examinations or probable cause hearings are conducted, and agreed —with Petitioner's active acknowledgment— to have the circuit court review the district court's decision.  The circuit court affirmed the district court's decision rejecting the challenge to the search.  And, finally, on direct appeal, the court of appeals addressed the claim, finding that his rights had not been violated.  *Branner*, 2008 WL 2436554, at *1-3.

Three levels of Michigan courts having reviewed the issue, it is beyond dispute that those courts were cognizant of Petitioner's Fourth-Amendment claim and he that received all the process he was due.  His claim is not cognizable on habeas review pursuant to *Stone v. Powell*, and relief is not warranted on this claim.

### B. Petitioner's Trial Counsel Was Not Ineffective

Petitioner raises several ineffective-assistance-of-counsel claims.  In his second habeas claim, he alleges that trial counsel was ineffective for failing to call James Fountain, a passenger in the car at the time of his arrest, and Officer Moon, the officer who ordered him out of the car, as witnesses.  In his fifth habeas claim, he argues he was denied the effective assistance of counsel when counsel waived his right to be present at the second preliminary-examination hearing.  In his seventh habeas claim, he alleges that trial counsel was ineffective for advising him to waive his rights to a jury trial.  Petitioner raised these claims to no avail in his direct appeal.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This "requires a showing that counsel made errors so

9

serious that counsel was not functioning as the 'counsel' guaranteed [ ] by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced the petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689.

The Supreme Court has confirmed that a federal court's consideration of ineffective-assistance-of-counsel claims arising from state-criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S.Ct. at 788 (internal and end citations omitted). "When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Not specifically citing *Strickland* but citing cases articulating the *Strickland* standard, the Michigan Court of Appeals addressed and rejected these claims, finding that Petitioner failed to support his allegations.

### 1. Not ineffective for failing to challenge the credibility of police witnesses

Addressing his second habeas claim, the court of appeals stated: "The record does not support [Petitioner's] ineffective[-]assistance[-]of[-]counsel claim because there is no record of Fountain's and Officer Moon's proposed testimony." *Branner*, 2008 WL

2436554, at *4.

Rather, Petitioner submitted an affidavit from his appellate counsel outlining what she believed Fountain's testimony would be if he were called as a witness but there was no affidavit from Fountain himself.[2]  However, even if Fountain could have testified that there were no drugs in Petitioner's lap at the time of the stop, that testimony would have certainly been impeached and likely ruled incredible.

Appellate counsel's affidavit also failed to describe Officer Moon's proposed testimony.  Furthermore, "the affidavit [failed to indicate] whether either of the witnesses was ever contacted by trial counsel or provided any information to counsel." *Branner*, 2008 WL 2436554, at *4.

The court of appeals concluded that under the circumstances "appellate counsel's affidavit fail[ed] to provide competent factual support for defendant's claim that these witnesses could have provided favorable testimony or that trial counsel was ineffective for failing to reasonably investigate the case."  *Branner*, 2008 WL 2436554, at *4.  The court of appeals denied Petitioner's claims and found that a remand for an evidentiary hearing was not warranted.  *Id.*

This decision of the Michigan Court of Appeals was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.  Defense counsel was not ineffective with respect to these claims, and Petitioner is not entitled to habeas relief on this claim.

### 2.  Not ineffective with respect to right-to-be-present claim

---

[2] Petitioner eventually filed an affidavit from Fountain when he filed his motion to remand with the court of appeals.

In his fifth habeas claim, Petitioner alleges that his federal constitutional rights were violated because he was absent from the preliminary examination when the district court rendered its decision to bind him over for trial, and counsel was ineffective in waiving his absence.

A defendant in a criminal case has a constitutional right to be present at all critical stages of the trial. *Rushen v. Spain*, 464 U.S. 114, 117 (1983); *see also United States v. Riddle*, 249 F.3d 529, 534 (6th Cir. 2001) (a criminal defendant has a constitutional right to be present at "all stages of the trial where his absence might frustrate the fairness of the proceedings"). The privilege of presence, however, is not guaranteed:

> [D]ue process clearly requires that a defendant be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence," []. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *see also Faretta v. California*, 422 U.S. 806, 819-20 &n.15 (1975) (an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings). The right to be present is not guaranteed "when presence would be useless, or the benefit but a shadow." *Stincer*, 482 U.S. at 745; *see also United States v. Brika*, 416 F.3d 514, 526 (6th Cir. 2005) (same). A defendant's presence at a hearing is "largely a matter of form" when a defendant's lawyer is present at proceedings which raise largely legal issues. *Cathron v. Jones*, 190 F. Supp. 2d 990, 1001-02 (E.D. Mich. 2002).

Petitioner's first preliminary-examination hearing was held on December 8, 2005, and Petitioner was present. At that hearing, the three officers testified and were cross-

12

examined extensively by defense counsel.  Defense counsel argued that there was a

lack of probable cause to stop Petitioner.  After the hearing, the trial court requested

that the parties submit additional briefing on the issue.

Subsequently, on July 6, 2006, a second hearing was held, at which time the trial

court issued its decision on the matter.  Petitioner was not present and defense counsel

waived his appearance.  During that hearing, no substantive evidence was presented.

Rather, the parties presented to the trial court their legal arguments focused on

allegedly illegal stop.

The Michigan Court of Appeals, in addressing and rejecting this claim, found that,

because no substantive evidence was presented in that second hearing, Petitioner was

not prejudiced by his absence and, thus, counsel was not ineffective.  *Branner*, 2008

WL 2436554, at *6-7.  This decision was not contrary to, or an unreasonable application

of, established Supreme Court precedent.

Further, even assuming *arguendo* that Petitioner was entitled to be present, the

right to be present during all critical stages of the proceedings is subject to harmless-

error analysis.  *Rushen*, 464 U.S. at 119.  Since everything discussed in that hearing

was legal argument, Petitioner cannot demonstrate that his exclusion had a substantial

and injurious effect in the trial court's determining the verdict.  *Brecht v. Abrahamson*,

507 U.S. 619, 623 (1993) (citations omitted).  Thus, counsel was not ineffective in

regard to this claim.  Habeas relief is not warranted.

### 3.  Not ineffective with respect to jury-waiver claim

The court addresses this claim below, as it connects to Petitioner's sixth habeas

claim, his jury-waiver claim.  *See* section E, *infra*.

13

### C.  No Support for Petitioner's Insufficient-Evidence Claim

In his third habeas claim, Petitioner alleges that insufficient evidence supported his convictions.  He raised this claim unsuccessfully in his direct appeal.

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In Re Winship*, 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence supporting a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  *Jackson*, 443 U.S. at 318.  "[T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 318-19 (citations and footnote omitted) (emphasis in the original).

More importantly, a federal-habeas court may not overturn a state-court decision that rejects a sufficiency-of-the-evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Rather, a federal court may grant habeas relief only if the state-court decision was an objectively unreasonable application of the *Jackson* standard.  *See Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold."  *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence.

14

*Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence in the first instance and to resolve whatever conflicts there may be in the testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the factfinder for its assessment of, among other things, credibility of witnesses and substantiality of evidence. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Under Michigan law, to convict a defendant of possession with intent to deliver a controlled substance, the prosecution must prove: (1) that the recovered substance is a narcotic; (2) the weight of the substance; (3) that the defendant was not authorized to possess the substance; and (4) that the defendant knowingly possessed the substance with the intent to deliver it. *See People v. McGhee*, 709 N.W.2d 595, 612 (Mich. Ct. App. 2005). In order to convict a defendant of possession of a controlled substance, a prosecutor must prove that he or she exercised control or had the right to exercise control over the controlled substance. *See McFarland v. Yukins*, 356 F.3d 688, 708 (6th Cir. 2004) (citing *People v. Konrad*, 536 N.W.2d 517 (Mich. 1995)). A defendant need not have actual physical possession of a controlled substance in order to be guilty of possessing it—possession may be constructive. *People v. Wolfe*, 489 N.W.2d 748, 753 (Mich. 1992). Moreover, constructive possession of a controlled substance can be proven by circumstantial evidence. *See McGhee*, 709 N.W.2d at 621.

In addressing this claim, the Michigan Court of Appeals stated:

> Defendant asserts that the trial court inaccurately stated that "[t]he facts in this matter are not in dispute." Viewed in context, this comment was merely intended as an acknowledgment that the parties had agreed on the record that was to serve as the basis for the court's decision. We find no error. Further, we find no merit to defendant's argument that it was

15

improper for the trial court to refer to observations made by Officer Moon, who did not testify at the preliminary examination.  The parties stipulated that the trial court could consider the preliminary examination testimony and the police reports to decide this case and statements regarding Moon's involvement and observations are mentioned in those items.  A defendant may not claim error on appeal to something his attorney deemed proper at trial because to do so would allow him to harbor error as an appellate parachute.  Similarly, because the parties stipulated to the record on which the trial court was to decide this case, the prosecution was not required to call other officers involved, including Officers Marougi, Wood, and Main.

Defendant also argues that the trial court erred in finding that Officers Marougi, Wood, and Hembree searched the interior of defendant's vehicle and found the suspected narcotics there.  Support for this finding can be found in Officer Hembree's police report in which he stated, "Officer Marougi, Wood and I approached the passenger's side of Branner's vehicle," and that "[o]fficers then began to search the interior of the Aztec" after the passenger was taken into custody.  It is apparent, however, that Officer Locricchio was also involved in the search.  In any event, the identity of the particular officers involved in the search was not significant to the outcome of the case.  As previously explained, the fact that many of the officers did not testify about the search does not require reversal in light of defendant's stipulation that the trial court could decide the case on the preliminary examination testimony and other documentary evidence that was submitted.

And there is no merit to defendant's argument that only the quantity of drugs discovered by Officer Janczarek could be considered by the trial court, because he was the only officer who testified regarding the search. The evidence discovered by other officers was the subject of the police reports and toxicology reports, which the parties stipulated could be considered by the trial court.  In addition, Officer Locricchio testified that he found substantial amounts of cocaine during his search of the vehicle, totaling well over 50 grams.  The toxicology report revealed the presence of at least 68.14 grams of cocaine.  Thus, the trial court did not clearly err in finding that defendant possessed 50 or more grams of cocaine.  The police report also indicated that Officer Locricchio recovered suspected marijuana from the driver's side door panel, and the toxicology report indicated the presence of 2.35 grams of marijuana.  Thus, the evidence also supported the trial court's findings that defendant possessed marijuana.

*Branner*, 2008 WL 2436554, at *5-6 (citation omitted).

16

Viewing the evidence in a light most favorable to the prosecution, a reasonable factfinder could conclude beyond a reasonable doubt that Petitioner was guilty of the two crimes for which he was convicted.  After waiving his right to a jury trial, he expressly agreed to have the trial court decide his case on the basis of the "police report, the tox report, the pleadings regarding the stop issue and the preliminary[-]exam transcript."  Bench Trial Tr. 6-7, Aug. 31, 2006.  Those documents demonstrated that he was aware of the cocaine in his vehicle and that he had control over the cocaine because he owned the car.  Petitioner's arguments with respect to this issue are without merit; he expressly consented to the admission of the evidence in question.

Therefore, the Michigan Court of Appeals's decision that sufficient evidence supports Petitioner's conviction for possession with intent to deliver more than fifty but less than 450 grams of cocaine was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  Habeas relief is not warranted with respect to this claim.

### D.  No Confrontation-Clause Violation

In his fourth habeas claim, Petitioner argues that his Confrontation-Clause rights were violated because "the trial court considered incriminating out-of-court statements and representations of non-testifying police officers, and trial counsel was ineffective for failing to move to strike the evidence."  Pet. Attach. 4(a).  Specifically, Petitioner objects now to the admission of the preliminary-examination and police reports —which he had earlier agreed to be received for trial— in which the officers described and attested to the incident that led to his arrest.  *See* Discussion, C, *supra*.  Respondent argues correctly that this claim is waived.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. Const. Amend. VI.  Thus, the Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him.  *See Davis v. Alaska*, 415 U.S. 308, 315 (1973).  The main purpose of confrontation is to secure the opportunity for cross-examination.  *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986).  "Ordinarily, a witness is regarded as 'subject to cross-examination' when he is placed on the stand, under oath, and responds willingly to questions."  *United States v. Owens*, 484 U.S. 554, 561 (1988).

The right to confrontation bars the admission of testimonial statements of a witness who does not appear at trial, unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination.  *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).  Testimonial statements include preliminary-hearing testimony, grand-jury testimony, prior-trial testimony, and statements made during police

18

interrogations.  *Id.* at 51-52 (citations omitted).  Testimonial statements do not include

business records, statements that further a conspiracy, or remarks to family members or

acquaintances.  *Id.* at 51-52, 56; *United States v. Martinez*, 430 F.3d 317, 328-29 (6th

Cir. 2005); *see also United States v. Stover*, 474 F.3d 904, 912-13 (6th Cir. 2007).

The Michigan Court of Appeals addressed this claim, and rejected it, stating:

> We also reject defendant's argument that the trial court violated his
> constitutional right of confrontation by considering hearsay statements by
> nontestifying police officers.  Regardless of whether the statements would
> be inadmissible under *Crawford v. Washington*, [], reversal is not
> warranted because defendant stipulated that the evidence could be
> considered by the trial court.

*Branner*, 2008 WL 2436554, at *6 (citations omitted).

A preliminary-examination hearing was held on December 8, 2005.  At that

hearing, Officers Charles Janzcarek, Mark Locricchio, and Gary Hembree testified.

Petitioner had an opportunity to cross-exam those witnesses.  On August 31, 2006, the

day of his bench trial, Petitioner stipulated to the use of the transcript of the testimony

adduced at the preliminary-examination hearing.  The following colloquy took place:

> THE COURT:  All right.  All right, then it's my understanding what I'm
> being asked to do is, first of all, to review Judge Thomas'[s] decision in
> regard to the suppression motion.
>
> [PETITIONER'S COUNSEL]:  Yes.
>
> THE COURT:  And then, depending on what I decide in regard to that, to
> review this as a bench trial.  And, the parties are stipulating to the police
> report, the tox[icology] report, the pleadings regarding the stop issue and
> the preliminary[-]exam transcript, correct?
>
> [PETITIONER'S COUNSEL]:  That's correct, Your Honor.
>
> [PROSECUTOR]:  Yes, Your Honor.
>
> THE COURT:  All right.

19

[PETITIONER'S COUNSEL]:  The defendant is good with that too?  Are you okay with that as well?

[PETITIONER]:  (indiscernible)

[PETITIONER'S COUNSEL]:  I just would like to have the defendant put on the record that he is agreeable to instead of having the witnesses testify, to use these documents to establish the record for purposes of both the evidentiary hearing and the trial.

[PETITIONER]:  Yes.

Bench Trial Tr. 6-7, Aug. 31, 2006.

The record shows that Petitioner expressly stipulated that the trial court could consider the above-stated reports as evidence.  Because Petitioner stipulated to the use of the reports, his Confrontation-Clause rights were not violated and he is not entitled to habeas relief.

With respect to the Petitioner's corresponding allegation that trial counsel was ineffective for failing to challenge the admission of those statements, the court of appeals stated:

> We similarly reject defendant's alternative argument that trial counsel was ineffective for agreeing to allow the court to consider statements attributed to other officers.  Had counsel not stipulated to the trial court's consideration of the evidence, the prosecutor could have called the officers to testify regarding the substance of their statements.  The decision whether to allow the evidence to be presented through the officers' live testimony or through the documentary evidence that was submitted to the court was a matter of trial strategy.  Defendant has not overcome the strong presumption that counsel exercised sound trial strategy.

*Branner*, 2008 WL 2436554, at *6 (citations omitted).

Here, Petitioner also "must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689; *see also*

20

*Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) (noting that, even when making strategic choices, counsel's conduct must be reasonable).

The court of appeals found defense counsel's advice to be a tactical decision. The record supports that view. With overwhelming evidence against Petitioner, counsel could reasonably believe best approach to be to waive the jury, accept a bench trial, and stipulate to the use of the documentary evidence, thus availing his client a chance to have the evidence suppressed, or to perhaps receive some degree of sentencing consideration from the trial judge in the event of conviction. Such strategy, based on experience, can readily be seen as designed to further the client's interests.[3]

The court finds that Petitioner has not sustained his burden of overcoming the presumption that counsel's advice was sound strategy; his ineffective assistance of counsel claim with respect to this claim therefore lacks merit. *See Sowell v. Bradshaw*, 372 F.3d 821, 837-38 (6th Cir. 2004) (holding that counsel's mistaken advice that a three-judge panel would not impose the death penalty if a petitioner waived his right to a jury trial was not unreasonable); *Marshall v. Morgan*, 260 F. App'x 789, 793-94 (6th Cir. Jan. 15, 2008) (indicating that counsel's advice to waive the right to a jury trial in order

---

[3] This procedure is familiar to state court practitioners in Michigan and elsewhere in the nation, and is often referred to as a "slow plea." In many such cases, it is accepted that unchallengeable evidence will be introduced and the judge permitted to enter a finding of guilt without requiring the defendant to specifically admit anything. *See, e.g.*, *United States v. Espinoza-Cano*, 456 F.3d 1126, 1129 (9th Cir. 2006); *Lara v. State*, 475 So.2d 1340 (Fla. 3d DCA 1985); *People v. Tran*, 199 Cal. Rptr. 539, 540 n.2 (Cal. Ct. App. 4th Dist. 1984). Here, in a variation on the theme that might be characterized as a "*conditional* slow plea," it is entirely clear that the attorneys knew that the case pivoted on the suppression motion heard and denied in the district court. If the trial judge agreed with the district court, the evidence would come in and the game was up. But if not, the evidence would be suppressed and the defendant would likely walk.

to diminish the possibility that a death sentence would be imposed constituted "sound trial strategy").  Petitioner is not entitled to habeas relief on this claim.

### E.  No Right-to-Waiver-of-Jury Claim

In his sixth habeas claim, Petitioner asserts that he did not validly waive his right to a jury trial and, in his seventh habeas claim, he alleges that counsel was ineffective for advising him to such a waiver.  This court disagrees.

A waiver of a constitutional right must be voluntary, knowing, and intelligent to be valid.  *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Boykin v. Alabama*, 395 U.S. 238 (1969) (same).  When determining voluntariness, all of the relevant circumstances must be examined.  *Brady*, 397 U.S. at 749.  A waiver is voluntary if it "was the product of free and deliberate choice rather than intimidation, coercion, or deception."  *Colorado v. Spring*, 479 U.S. 564, 573 (1987) (citations omitted).  A defendant's representations on the record, as well as any findings made by the judge accepting the waiver, constitute a "formidable barrier in any subsequent collateral proceedings."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  The right to a jury trial is waivable as long as the waiver includes the consent of the government counsel, the sanction of the court, and the "express and intelligent consent of the defendant."  *Patton v. United States*, 281 U.S. 276, 312 (1930), *overruled on other grounds by Williams v. Florida*, 399 U.S. 78, 92 (1970).

In this case, the Michigan Court of Appeals determined that Petitioner understood his right to a trial by jury and knowingly, intelligently, and voluntarily waived that right.  *Branner*, 2008 WL 2436554, at *7.  The court of appeals found that, although the trial court did not address Petitioner personally regarding his right, defense counsel

22

did, and in the court's presence.  Petitioner then formally waived his right to a jury and

executed a written waiver.  Because the record establishes that Petitioner understood

he had a right to a jury trial and voluntarily chose to waive that right, the court of appeals

found that reversal was not required.  *Id.*

    With respect to Petitioner's argument that trial counsel was ineffective for

advising him to waive his right to a jury trial and to agree to a bench trial on a stipulated

record, the court of appeals concluded that defense counsel's decision regarding those

claims was a matter of trial strategy.  The court of appeals found that Petitioner failed to

overcome the presumption of sound trial strategy.  *Branner*, 2008 WL 2436554, at *8.

    Petitioner has failed to demonstrate that the decision of the Michigan Court of

Appeals was unsupported or based on an unreasonable determination of the facts.  Nor

has he shown that, in denying his claim, the court of appeals made a decision contrary

to clearly established federal law, or misapplied clearly established federal law.  Habeas

relief is not warranted in this regard.

### F.  Certificate of Appealability

    Before Petitioner may appeal this decision, a certificate of appealability must

issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas

claim on the merits, the substantial showing threshold is met if the petitioner

demonstrates that reasonable jurists would find the court's assessment of the claim

debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner

satisfies this standard by demonstrating that . . . jurists could conclude the issues

23

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court finds that reasonable jurists would not dispute or disagree with its resolution of Petitioner's claims concerning ineffectiveness of trial counsel or Petitioner's jury-waiver claim. Further review is not warranted by the United States Court of Appeals for the Sixth Circuit. Accordingly, the court DENIES a certificate of appealability.

24

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the "Petition for Writ of

Habeas Corpus" [ECF No. 1] is DENIED.


                s/Robert H. Cleland                   

ROBERT H. CLELAND

UNITED STATES DISTRICT JUDGE

Dated:  October 11, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 11, 2012, by electronic and/or ordinary mail.

                s/Lisa Wagner                          

Case Manager and Deputy Clerk

(313) 234-5522